**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | MDL No. 2492 |
| | Master Docket No. 1:16-cv-08727 |
| MICHAEL ROSE and TIMOTHY STRATTON, individually and on behalf of all others similarly situated, | This Document Relates To: Case No. 1:17-cv-01402 |
| Plaintiffs, | Judge John Z. Lee |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and BIG TEN CONFERENCE, | Magistrate Judge M. David Weisman |
| Defendants. | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs Michael Rose and Timothy Stratton ("Plaintiffs") and Defendants National Collegiate Athletic Association ("NCAA") and The Big Ten Conference, Inc. ("Big Ten") ("Defendants" and with Plaintiffs, the "Parties") submit this Joint Initial Status Report:

A. **Attorneys Of Record**

   1. **Co-Lead Counsel For Plaintiffs**

Jay Edelson (Lead Trial Attorney)
Benjamin H. Richman
Benjamin Thomassen
Rafey S. Balabanian

**EDELSON PC**

Sol Weiss

**ANAPOL WEISS**

   2. **Counsel For Defendants**

Mark S. Mester (Lead Trial Attorney)
Johanna M. Spellman
Robert C. Collins III

**LATHAM & WATKINS LLP**

*Counsel for Defendant NCAA*

Michael A. Olsen (Lead Trial Attorney)
Daniel L. Ring

**MAYER BROWN LLP**

*Counsel for Defendant The Big Ten*

B. **Basis For Federal Jurisdiction**

Plaintiffs allege this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act, because "at least one member of the Class, which consists of at least 100 members, is a citizen of a state different from Defendants; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and none of the exceptions under that subsection apply to this action." Compl. (Dkt. 1) at ¶ 17. The NCAA is an unincorporated association with members in every state and a principal place of business in Indiana. Big Ten is a corporation organized under the laws of Delaware, with a principal office in Rosemont, Illinois. Big Ten has no parent corporation.

1

**C.     Nature Of The Claims Asserted In The Complaint And Any Counterclaims**

Plaintiffs filed this action on February 23, 2017 in the above-captioned multidistrict litigation, In re: NCAA Student-Athlete Concussion Injury Litigation – Single Sport/Single School (Football), No. 1:16-cv-08727 (N.D. Ill) ("MDL"). Rose is one of four sample cases selected by the Court, in consultation with the Parties, "to test the viability of the Single Sport/Single School cases through class certification." Order (MDL Dkt. 91) at 3. The non-sample cases in the MDL remain stayed.  Order (MDL Dkt. 259) at 1.

Plaintiff Rose alleges that he played football at Purdue University ("Purdue") from 1996 to 1999, and Plaintiff Stratton alleges that he played football at Purdue from 1998 to 2001. Plaintiffs allege that while playing football at Purdue, they experienced one or more concussions as well as sub-concussive head impacts. They further allege that the NCAA and Big Ten knew or should have known of the risks of concussions and repetitive sub-concussive head impacts and had an obligation to safeguard the health and well-being of Purdue football players. However, Plaintiffs allege the NCAA and Big Ten failed to properly educate coaches, trainers and student-athletes, failed to enact (or enforce) rules and procedures to adequately protect players, and otherwise failed to fulfill their duties and responsibilities. Plaintiffs bring claims on behalf of themselves and seek to represent a class of former Purdue football players from 1952 to 2010. Plaintiffs assert claims for negligence, fraudulent concealment, and breach of express contract. See Minute Order (Dkt. 51); Mem. Op. (Dkt. 52). Defendants answered the remaining counts of the Complaint on November 16, 2018; they have not currently asserted any counterclaims. See NCAA's Answer (Dkt. 56); The Big Ten's Answer (Dkt. 57).

**D.     Major Legal and Factual Issues in the Case**

    **1.     Plaintiffs' Statement:** The primary theory of this litigation is that the NCAA and Big Ten breached duties they owed and promises they made to varsity football players like

Plaintiffs. Core factual issues in this case include, but are not limited to (i) whether Plaintiffs experienced concussions and/or repetitive sub-concussive impacts while playing football at an NCAA member institution; (ii) what actions the NCAA and/or Big Ten took in relation to the regulation of football regarding concussions and repetitive sub-concussive impacts and their potential long-term effects; (iii) whether concussions and repetitive sub-concussive impacts caused or contributed to the injuries Plaintiffs have experienced; and (iv) what representations Defendants made to Plaintiffs before, during, and after their participation in Purdue football, regarding concussions, sub-concussive impacts, and/or issues related to their health and safety. Core legal issues in this case include, but are not limited to: (i) what duty, if any, Defendants owed to Plaintiffs and the putative class members they seek to represent; (ii) whether Defendants breached those duties; and (iii) whether a class can be certified under Fed. R. Civ. P. 23.

  **2.**   **Defendants' Statement:** Plaintiffs assert bodily injury claims that are not appropriate for class treatment and that do not otherwise satisfy the requirements of Fed. R. Civ. P. 23. Plaintiffs' proposed class, which consists of all persons who participated in Purdue's football program between 1952 and 2010 and who "experienced head trauma" is not ascertainable. See Compl. (Dkt. 1) ¶ 95. Moreover, Plaintiffs' claims, if adjudicated on a class basis, would necessarily require individualized inquiries into, inter alia, other potential causes of an athlete's injuries (whether before, during or after his time playing football for Purdue), the intervening conduct of other actors (e.g., trainers, coaches, personal physicians), what each athlete knew and accepted about the risks of concussion, whether each athlete relied on a representation by a Defendant and whether any representation was inaccurate in light of the considerable evolution in the science and in concussion treatment over the 58-year proposed

3

class period. Other unique defenses would likewise apply to the claims of Plaintiffs and members of the proposed class, including the applicable statute of limitations.[1]

E.     **The Relief Sought By Plaintiffs:** Plaintiffs state that they anticipate seeking class certification under one or more sections of Rule 23(b) and (c), and that they may propose a modified class definition based upon, among other things, information learned in discovery. Defendants state that Plaintiffs currently only seek certification under Rule 23(b)(3) and Defendants do not believe that such amendments would be proper. Plaintiffs further seek (i) a declaration that Defendants' actions constituted negligence and fraudulent concealment, and that the NCAA's actions constituted a breach of contract, (ii) damages, (iii) attorney's fees and costs, interest, and (iv) any other warranted injunctive or declaratory relief.

F.     **Initial Status Hearing:** The Court set a telephonic hearing for July 16, 2020 at 1:45 p.m.

G.     **All Pending Motions:** There are no motions in Rose currently pending before the Court.

H.     **Proposed Discovery Plan:** Discovery at this stage "shall be focused on class certification issues and such merits-related issues as inform the question of whether a class satisfies the requirements of Fed. R. Civ. P. 23." Order (MDL Dkt. 91) at 5-6, § III(D). The Parties have

---

[1] Defendants note that the Court recently dismissed the Southeastern Conference and the Big Sky Conference for lack of personal jurisdiction from two of the other sample cases that were originally filed in the Southern District of Indiana. See Mem. Op. & Order (Dkt. 64) at 9-15, Richardson v. NCAA, 1:16-cv-09980 (N.D. Ill.); Mem. Op. & Order (Dkt. 58) at 8-12, Weston v. NCAA, 1:17-cv-004975 (N.D. Ill.). They note further that, in total, approximately 370 cases that are now consolidated into this MDL were originally filed in the Southern District of Indiana, and like Richardson and Weston, the vast majority of those cases also do not involve a conference or university based in Indiana. As in Richardson and Weston, Defendants believe that it is very likely that personal jurisdiction is similarly lacking over the conferences and universities named in those cases. The Parties agree, however, that the non-sample cases should remain stayed at this time. Plaintiffs believe defenses about personal jurisdiction should be preserved during the stay. Defendants agree that defenses about personal jurisdiction must be preserved, but many of the affected conferences and universities believe a process should be initiated now to address personal jurisdiction issues while maintaining the stay. Lead Counsel for both sides have preliminarily discussed various procedural alternatives that might be used to resolve these issues during the pendency of the stay, but they have not yet reached agreement in this respect.

initiated fact discovery and anticipate needing some additional written and oral discovery. Plaintiffs have taken significant third-party discovery, though some additional time will be needed to complete this, as well. Further, the Parties anticipate needing to engage in written and oral expert discovery. The Parties propose the following schedule, consistent with the schedule previously entered. Order (MDL Dkt. 91) at 4-5; Order (MDL Dkt. 259) at 2-3.

| Event | Deadline |
|---|---|
| Amendment of pleadings in sample cases related to proposed class definition | October 16, 2020. Note that Plaintiffs' deadline to amend dismissed Counts 4, 5 and 6 has passed. See Min. Order (Dkt. 51). |
| Joinder of additional parties for purposes of class certification | October 16, 2020 |
| Completion of fact discovery on issues relating to class certification consistent with the Court's prior orders | July 16, 2021 |
| Plaintiffs' expert report(s) in support of motion(s) for class certification | August 16, 2021 |
| Plaintiffs' motion(s) for class certification | September 14, 2021 |
| Defendants to depose Plaintiffs' expert(s) | September 30, 2021 |
| Defendants' expert report(s) in opposition to Plaintiffs' motion(s) for class certification | November 15, 2021 |
| Defendants' responses in opposition to Plaintiffs' motion for class certification | December 13, 2021 |
| Plaintiffs to depose Defendants' expert(s) | January 29, 2021 |
| Plaintiffs' reply in support of motion for class certification | March 13, 2022 |
| Parties' joint status report regarding appropriate next steps in the litigation, including appropriate deadlines for any dispositive motions and/or further amendment of the pleadings or joinder of parties as necessary and at the Court's discretion | 30 days after ruling on motion(s) for class certification |

**I.** **Trial:** Plaintiffs requested a jury trial. Compl. (Dkt. 1). The Parties believe it would be premature to estimate a trial's duration before knowing whether a class will be certified.

**J.** **Consent To Proceed Before A Magistrate Judge:** At this time, the Parties respectfully decline to consent to proceed before a Magistrate Judge for all purposes.

**K.** **Status Of Settlement Discussions And Settlement Conference:** The Parties have not conducted any settlement discussions, and do not request a settlement conference at this time.

Dated: July 2, 2020                     Respectfully submitted,

                                        */s/ Robert C. Collins*
                                        Mark S. Mester (Illinois Bar No. 6196140)
                                          mark.mester@lw.com
                                        Johanna M. Spellman (Illinois Bar No. 6293851)
                                          johanna.spellman@lw.com
                                        Robert C. Collins III (Illinois Bar No. 6304674)
                                          robert.collins@lw.com
                                        LATHAM & WATKINS LLP
                                        330 North Wabash Avenue, Suite 2800
                                        Chicago, Illinois 60611
                                        Telephone: (312) 876-7700
                                        Facsimile: (312) 993-9767

                                        *Counsel for Defendant*
                                        *National Collegiate Athletic Association*

                                        */s/Michael A. Olsen (with consent)*
                                        Michael A. Olsen (Illinois Bar No. 6237807)
                                          molsen@mayerbrown.com
                                        Daniel L. Ring (Illinois Bar No. 6216750)
                                          dring@mayerbrown.com
                                        MAYER BROWN LLP
                                        71 South Wacker Drive
                                        Chicago, Illinois 60606
                                        Telephone: (312) 782-0600

                                        *Counsel for Defendant*
                                        *The Big Ten Conference, Inc.*

                                        */s/Jay Edelson (with consent)*
                                        Jay Edelson (Illinois Bar No. 6239287)
                                          jedelson@edelson.com
                                        EDELSON PC
                                        350 North LaSalle Street, 13th Floor
                                        Chicago, Illinois 60654
                                        Telephone: (312) 589-6370
                                        Facsimile: (312) 589-6378

6

        Sol Weiss
          sweiss@anapolweiss.com
        ANAPOL WEISS
        One Logan Square
        130 North 18th Street, Suite 1600
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 735-2098
        Facsimile:  (215) 875-7701

        *Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Robert C. Collins, certify that, on July 2, 2020, a true and correct copy of the foregoing JOINT INITIAL STATUS REPORT was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

> */s/Robert C. Collins*
> Robert C. Collins III (Illinois Bar No. 6304674)
>     robert.collins@lw.com
> LATHAM & WATKINS LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois 60611
> Telephone:  (312) 876-7700
> Facsimile:   (312) 993-9767